The majority has found under assignment of error number four that the state committed reversible error by introducing evidence of items which they could not show to be stolen. The majority holds that the evidence of property found during the investigation which could not be shown to be stolen was plainly inadmissible. I respectfully disagree.
Items found at the storage facilities controlled by appellant were admitted into evidence without objection. "The admission of evidence is normally within the discretion of the trial court, and the court's decision will be reversed only upon a showing of an abuse of that discretion." State ex rel. Elsass v. Shelby Cty. Bd. of Commrs. (2001), 92 Ohio St.3d 529, 533. The possession of six chain saws along with other evidence confiscated and identified as stolen property has some relevance and the prejudicial impact is not significant. Evid.R. 403 excludes relevant evidence only when its probative value is substantially outweighed by its prejudicial impact. The probative value of this evidence is not substantially outweighed by any unfair prejudice. I would overrule appellant's fourth assignment of error.
Additionally, I disagree with the majority's disposition of the portion of appellant's first assignment of error concerning his conviction for engaging in a pattern of corrupt activity. The state was required to establish the existence of an "enterprise" and that appellant was associated with this entity. The jury found that the state met its burden. "When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, after viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Clemons (1998), 82 Ohio St.3d 438, 444, certiorari denied (1999), 525 U.S. 1077,119 S.Ct. 816. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Id.